## TUCKER, BRONSON & MARTIN v. UNITED SUPPLY & MANUFACTURING CO. OF DELAWARE.

### No. 3543.

United States District Court
W. D. Louisiana, Opelousas Division.

Feb. 18, 1952.

806

Tucker, Bronson & Martin and H. M. Holder, Shreveport, La., for plaintiff.

W. C. Perrault, Opelousas, La., Thomas A. Landrith, Jr., Tulsa, Okl., for defendant.

DAWKINS, Chief Judge.

Plaintiff demands a fee for services as attorneys under the following alleged circumstances: In February, 1951, they were consulted about a delinquent account against one R. P. Phillips, doing business as "R. P. Phillips Well Service," "a portion of which consisted of open notes, and the balance consisting of an open account"; that defendant's representative, Ben Reagor, was advised with reference to the law of Louisiana covering open accounts, vendor's liens and chattel mortgages, etc.; that thereafter another representative of defendant, one Gutelius, came to Shreveport and, together with Reagor, consulted with plaintiff concerning their relationships with the debtor over a period of several years and were accordingly advised with respect thereto; that plaintiff was further consulted by defendant "concerning the possible validity of a chattel mortgage which R. P. Phillips had executed and which purported to encumber the major portion of his assets," and further as to proper steps for putting the account in shape to permit the taking of a judgment as quickly as possible. That, during said consultations and discussions, defendant suggested plaintiff submit a bill for services rendered but was advised that if it was necessary to file suit "* * * the fee arrangement at that time would cover all services rendered, otherwise a bill would be submitted at a later date, and he (Reagor) acquiesced therein."

Further, that in May, 1951, defendant decided to institute suit and inquired of plaintiff "upon what basis" it "would handle the matter," that "defendant did not desire to obligate itself for a substantial cash fee payment," whereupon a contingent fee was outlined, which defendant requested "be put in letter form," and this was done in these terms:

"May 24, 1951

"Mr. Ben Reagor
"131 Preston Street
"Shreveport, Louisiana
     "In re: United Supply and Manufacturing Company vs. R. P. Phillips, Well Service, Lafayette, Louisiana

"Dear Sir:

"Concerning the above matter and particularly with reference to the fee arrangement, we wish to advise that as we understand it, your company would pay all costs incurred. We would receive a nominal fee in the event the proposed action was unsuccessful. By nominal, we mean $100.-00 to $200.00 to be determined by the amount of time spent.

"In the event the proposed action was successful in whole or in part, we are to receive a contingent fee of 15% of the net amount realized. In this connection we assume that the note has a provision for attorney's fee, which would be included in the 15% contingent fee.

"We trust the foregoing is satisfactory to you.

     "Very truly yours,
          Tucker, Bronson & Martin"
"HMH/al

Further, that these terms were accepted, and plaintiffs prepared a suit to be filed in the Fifteenth Judicial District of Louisiana, but at Phillips' request was actually filed in the First District in Shreveport to avoid the possibility of alarming other creditors. The said suit was filed on June

9, 1951, and Phillips was personally served on the 14th of that month.

Further, that on June 20, 1951, defendant called plaintiff from New Orleans, Louisiana, and informed it that a satisfactory settlement had been made with Phillips "provided the suit was dismissed," and plaintiff was requested to dismiss it, as shown by letter attached to the complaint, and which·was accordingly done on that date.

Finally, that defendant has refused to pay plaintiff's fee, and it asks judgment for 15% of the amount of the consideration received in the settlement between Phillips and defendant; in the alternative, it asks that defendant be required to account "for all sums received and to be received as a result of the arrangement entered into * * * with Phillips," and that it recover 15% thereof in accordance with the agreement for the employment.

In its answer, for a first defense, defendant averred that the bill did not state grounds for relief, but it admitted in substance the employment of plaintiffs, settlement of the claim and the request that the suit be dismissed, but averred that since it had the right to cancel the contract of employment as a matter of law, plaintiff's claim could be asserted only upon a quantum meruit basis.

Plaintiff has moved for a judgment on the pleadings, annexing copy of the suit filed in Caddo Parish.

Counsel for the parties have filed the following stipulations:

"1.

"Defendant has filed its answer, and sets up its First Defense that the 'complaint fails to state a claim against defendant upon which the relief prayed for can be granted, plaintiff being entitled only to have its fee fixed by the proper court on a quantum meruit basis.'

·"2.

"Plaintiff has filed a motion for summary judgment, asking judgment against defendant, as prayed for in the complaint.

"3.

"It is stipulated by and between plaintiff and defendant, subject to leave of Court, that the foregoing be submitted to the Court·for a decision, based upon the complaint and documents annexed thereto, the answer and admissions contained therein, and the document annexed to the Motion for Summary Judgment. Same is submitted for a decision without oral argument, unless required by the Court, upon briefs to be filed, defendant to file its brief fifteen days after plaintiff files its brief."

It will be observed that the contract of employment found in the second paragraph of the above quoted letter, alleged to have been accepted by defendant as the contract of employment, states that "in the event the proposed action was successful *in whole or in part,* we are to receive a contingent fee of 15% *of the net amount realized."* This would seem to present the question of whether what happened produced a "successful" result "in whole or in part." The suit was filed and served, and the debtor thereafter made a proposal which was acceptable to the defendant. Was the proposed settlement brought about by the course which plaintiff firm, as attorneys, for defendant, pursued? If so, it would seem that the action was "successful" to that extent, and the fee had been earned before it was dismissed. Was not the dismissal a mere consequence of and only incidental to the settlement? Can it be said that the employment of plaintiff was thereby cancelled or terminated within the meaning of the Louisiana law, or would it create a situation in which all that remained was the proper calculation of the fee on the basis of the letter contract and the amount recovered by the defendant?

It is not deemed necessary to enter into a discussion of the law, either codal or jurisprudential, cited by the parties, but the Court is of the view that the motion to dismiss and for summary judgment should be denied, and all matters referred to the merits.